FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JAWON LAQUEZ JONES,

     Defendant - Appellant.

No. 21-6114
(D.C. No. 5:20-CR-00310-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **KELLY**, and **ROSSMAN**, Circuit Judges.

_____

Jawon LaQuez Jones pleaded guilty to two counts of being a felon in possession of a firearm and received a 180-month prison sentence. He has appealed from that sentence despite the appeal waiver in his plea agreement. The government now moves to enforce that waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Mr. Jones's counsel responds that he is aware of no non-frivolous argument for overcoming the waiver and he has moved to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We gave Mr. Jones two weeks to file a pro se response. *See id.* When we received nothing by that

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

deadline, we gave him three more weeks. His extended deadline was March 9, 2022, but, as of today, the court has received nothing from him. We will therefore decide the motion on the current record.[1]

Our first question when faced with a motion to enforce an appeal waiver is "whether the disputed appeal falls within the scope of the waiver." *Hahn*, 359 F.3d at 1325. Here, the waiver embraces every aspect of pretrial proceedings and sentencing, with one exception: "If the sentence is above the advisory Guidelines range determined by the Court to apply to Defendant's case, this waiver does not include Defendant's right to appeal specifically the substantive reasonableness of Defendant's sentence[.]" Mot. to Enforce Appellate Waiver, Exhibit 1 ("Plea Agreement") ¶ 16(b). The exception does not apply. Based on Mr. Jones's extensive criminal history, the district court determined that his advisory Guidelines range was 151 to 188 months. The court then sentenced him to 180 months' imprisonment (90 months as to each count of conviction, to run consecutively). Thus, this appeal falls within the waiver's scope.

We next ask "whether the defendant knowingly and voluntarily waived his appellate rights." *Hahn*, 359 F.3d at 1325. Here, the plea agreement states as much,

---

[1] In this circuit, the government must file any motion to enforce an appellate waiver "within 20 days after: (i) the district court's notice, pursuant to 10th Cir. R. 11.1, that the record is complete, or; (ii) the district court's notice that it is transmitting the record pursuant to 10th Cir. R. 11.2." 10th Cir. R. 27.3(A)(3)(b). The district court transmitted the latter notice on December 14, 2021, but the government did not file its motion until January 18, 2022. Even so, Mr. Jones does not object to the late filing, either through counsel or pro se. We therefore excuse the government's tardiness. *See* 10th Cir. R. 2.1 ("The court may suspend any part of these rules in a particular case on its own or on a party's motion.").

*see* Plea Agreement ¶ 16, and the district court confirmed as much at the change-of-plea hearing, *see* Mot. to Enforce Appellate Waiver, Exhibit 2 at 9.

Finally, we ask "whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. We have reviewed the record and can locate no latent argument that might satisfy this high standard. We further note that, to the extent Mr. Jones might believe he received ineffective assistance of counsel, his appeal waiver does not bar him from pursuing a collateral attack on that issue. *See* Plea Agreement ¶ 16(c).

In sum, we find this appeal falls within Mr. Jones's appeal waiver and no other *Hahn* factor counsels against enforcement of the waiver. We therefore grant counsel's motion to withdraw, grant the government's motion to enforce the appeal waiver, and dismiss this appeal.

Entered for the Court
Per Curiam
